*do not serve.*

4-18-19

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS  PSC 4062

DIVISION OF ST. CROIX

| | |
|---|---|
| JAMES CODRINGTON, as Assignee of the rights of Crosstech VI, Inc., TOM CROSSLAND, and EDWIN CORREA, | Case No. 126/19 |
| Plaintiffs, | **ACTION FOR DAMAGES** |
| v. | <u>JURY TRIAL DEMANDED</u> |
| ARCH SPECIALTY INSURANCE COMPANY OF TEXAS (ARCH), ZURICH INSURANCE COMPANY (ZURICH), CLARENDON AMERICAN INSURANCE COMPANY (CLARENDON), DEEP SOUTH SURPLUS OF TEXAS, L.P., and CRUMP INS. SERVICES. | |
| Defendants. | |

<u>COMPLAINT</u>

**COMES NOW** Plaintiff, **JAMES CODRINGTON, as Assignee of the rights of Crosstech VI, Inc., TOM CROSSLAND, and EDWIN CORREA,** by and through undersigned counsel, and files his Complaint against Defendants **ARCH SPECIALTY INSURANCE COMPANY OF TEXAS (ARCH), ZURICH INSURANCE COMPANY (ZURICH), AND CLARENDON AMERICAN INSURANCE COMPANY (CLARENDON), DEEP SOUTH SURPLUS OF TEXAS, L.P.,** and **CRUMP INS. SERVICES,** and alleges the following:

1. Jurisdiction is proper under 4 V.I.C. §76 .

2. Plaintiff, James Codrington, is a resident of St. Croix, United States Virgin Islands and is the assignee of claims from Crosstech VI, Inc. a resident corporation of the

LEE J. ROHN AND
ASSOCIATES, LLC
1101 King Street
Christiansted
VI 00820-4933
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com


EXHIBIT
C

CODRINGTON, JAMES, ET. AL. V. ARCH SPECIALTY INSURANCE COMPANY, ET. AL., CASE NO

COMPLAINT
Page 2

U.S. Virgin Islands, Tom Crossland (a resident of Texas) former president of Crosstech Boiler Services L.P.; the parent organization for Crosstech VI, Inc. and of Edwin Correa, also a resident of the US Virgin Islands.

3. Plaintiff is informed and believes Defendant Arch Specialty Insurance ("Arch") is an insurance writer with its principle place of business in Nebraska which does business in the U.S. Virgin Islands

4. Plaintiff is informed and believes Defendant Zurich Insurance Company-Steadfast Insurance Company ("Zurich") is an insurance writer with its principle place of business in Delaware which does business in the U.S. Virgin Islands.

5. Plaintiff is informed and believes Defendant Clarendon America Insurance Company ("Clarendon") is an insurance writer with its principle place of business in New York which does business in the U.S. Virgin Islands.

6. Plaintiff is informed and believes Defendant Deep South Surplus of Texas is an insurance broker with its principle place of business in Texas which does business in the Virgin Islands.

7. Plaintiff is informed and believes Defendant Crump Ins. Services is an insurance broker with its principle place of business in Texas which does business in the Virgin Islands.

8. Venue is proper in this jurisdiction as the policies of insurance were underwritten in Texas to insure losses in the Virgin Islands and the events arising to claims made under the policies occurred in St. Croix, United States Virgin Islands.

CODRINGTON, JAMES, ET. AL. V. ARCH SPECIALTY INSURANCE COMPANY, ET. AL., CASE NO

COMPLAINT
Page 3

9. Codrington brings this action in his capacity as Assignee of the Rights of Crosstech VI, Inc., Tom Crossland, and Edwin Correa related to a law suit that was brought entitled *Codrington v. Crosstech V.I., Inc., et al., Superior Court Civil No. SX-07-CV-278,* which asserted entitlement to damages for claims of negligence against Crosstech VI, Inc., Tom Crossland, and Edwin Correa.

10. As such Crosstech V.I., Inc., Tom Crossland, and Edwin Correa tendered the defense and indemnification of the claims to Defendants Arch, Zurich, and Clarendon.

11. In 2005, Crosstech VI, Inc., was formed to take advantage of Virgin Islands laws. Crosstech VI, Inc., was a wholly owned subsidiary of Crosstech Boiler Services, L.P. while Crosstech VI, Inc., was the front company, all of Crosstech Boiler Services, L.P.'s work with the St. Croix company Hovensa, an oil refinery.

12. Crosstech VI, Inc.'s employees were loaned to Crosstech Boiler Services, L.P.

13. The insurance company services acted on its own and as agent of all other Defendants.

14. The vehicles utilized in the work being performed by Crosstech VI, Inc., were non-owned, hired vehicles by Crosstech Boiler Services, L.P. from Crosstech VI, Inc.

15. Crosstech VI, Inc., would pay Crosstech Boiler Services, L.P. for the use of those vehicles.

16. It was represented by Defendants to Crosstech Boiler Services, L.P., that those non-owned, hired vehicles were insured under Crosstech Boiler Services, L.P.'s

CODRINGTON, JAMES, ET. AL. V. ARCH SPECIALTY INSURANCE COMPANY, ET. AL., CASE NO

COMPLAINT
Page 4

one-million-dollar insurance coverage under Clarendon America which was required by Hovensa.

17. Crosstech Boiler Services, L.P. provided services to Crosstech VI, Inc., and as such, there was a written agreement that Crosstech VI, Inc., would be a named insured under Crosstech Boiler Services, L.P.'s insurance policies.

18. The relationship between Crosstech VI, Inc., and Crosstech Boiler Service, L.P., was disclosed to all Defendants at the time of acquiring the insurance as were the financial records of Crosstech, VI, Inc., with the applications for insurance by Crosstech Boiler Services, L.P., as well as the names and salaries of the employees of Crosstech VI, Inc.

19. The vehicles of Crosstech VI, Inc. were used by Crosstech Boiler Services, L.P., as non-owned hired autos in furtherance of Crosstech Boiler Services, L.P.'s work at Hovensa and Crosstech VI, Inc., was contractually an additional named insured under Crosstech Boiler Services, L.P.'s policies.  The Crosstech VI, Inc., vehicles would not have been allowed onto Hovensa property but for being insured under Crosstech Boiler Services, L.P.'s policies.

20. Edwin Correa was an employee of Crosstech VI, Inc., and therefore a loaned employee of Crosstech Boiler Services, L.P.. He was provided with the Crosstech VI, Inc., vehicle which was a non-owned but hired vehicle by Crosstech Boiler Services, L.P., and utilized that vehicle as part of his 24 hour on call responsibilities with Crosstech Boiler Services, Inc.

CODRINGTON, JAMES, ET. AL. V. ARCH SPECIALTY INSURANCE COMPANY, ET. AL., CASE NO

COMPLAINT
Page 5

21. Defendants Arch, Zurich, and Clarendon denied indemnification of the claim.

22. As a result of the denial, and due to the economic necessity, Crosstech V.I., Inc., Tom Crossland, and Edwin Correa entered into a consent judgment in favor of Plaintiff Codrington in the amount of $5,000,000.00 **(Ex. 1)** and assigned all claims they had against all Defendants to the Plaintiff **(Ex. 2)**.

23. Defendant Arch's policy is a liability umbrella policy (policy no. UPLP0023176-00) for the policy period September 21, 2007 to September 21, 2008.  The policy required Arch to pay those sums that Crosstech VI, Inc., Tom Crossland, and Edwin Correa may become legally obligated to pay for bodily injury arising out of an occurrence that takes place in the coverage territory during the policy period up to two million dollars.

24. Defendant Zurich's policy is a general liability policy (policy no. SCO 5918338) for the policy period January 11, 2007 to January 11,12008.  The policy required Zurich to pay those sums that Crosstech VI, Inc., Tom Crossland, and Edwin Correa may become legally obligated to pay for bodily injury arising out of an occurrence that takes place in the coverage territory during the policy period up to two million dollars.

25. Defendant Clarendon's policy is a business auto policy (policy no. DCT000009224) for the policy period December 19, 2006 to December 19,2007.  The policy required Clarendon to pay those sums that Crosstech VI, Inc., Tom Crossland, and Edwin Correa may become legally obligated to pay for bodily injury arising out of an

CODRINGTON, JAMES, ET. AL. V. ARCH SPECIALTY INSURANCE COMPANY, ET. AL., CASE NO

COMPLAINT
Page 6

occurrence that takes place in the coverage territory during the policy period up to one million dollars.

26. Defendant Deep South Surplus of Texas underwrote the Clarendon policy as an agent of Clarendon.

27. Defendant Crump Ins. Services underwrote the Arch and Zurich policies as an agent of Arch and Zurich.

28. The claims of Codrington were in the coverage territory during the policy period and were claims covered under the Defendants' policies of insurance issued to Crosstech VI, Inc.

29. During the course of the litigation all Defendants had knowledge and access to the same that existed to the extent of Codrington's injuries and Crosstech VI, Inc., Tom Crossland and Correa's exposure to liability were beyond policy limits but refused to settle the case within the policy limits.

30. Codrington offered to settle within the policy limits, but Defendants Arch, Zurich, and Clarendon refused all such demands.

31. Defendants Arch, Zurich, and Clarendon materially breached their duty to indemnify Crosstech VI, Inc., Tom Crossland, and Edwin Correa.

32. If the claims of Defendants are correct that the policy did not cover the aforesaid claims, then Defendants Deep South Surplus of Texas and Crump Ins. Services as agents of the other Defendants improperly underwrote the Crosstech VI, Inc.,

CODRINGTON, JAMES, ET. AL. V. ARCH SPECIALTY INSURANCE COMPANY, ET. AL., CASE NO

COMPLAINT
Page 7

policies and breached their contractual obligations to Crosstech VI, Inc., Tom Crossland, and Edwin Correa.

33. Crosstech VI, Inc., Tom Crossland, and Edwin Correa could not afford counsel to defend them a in declaratory judgment action filed against them by Defendants and they reasonably believed that they would lose the claim of Codrington at trial and not be able to pay the verdict which Defendants Arch, Zurich, and Clarendon had refused to indemnify them for.

34. On June 8th and June 19th, 2018, Crosstech VI, Inc., Tom Crossland, and Edwin Correa (respectively) assigned all of their claims against all Defendants, including but not limited to contractual, statutory and tort claims.  Crosstech VI, Inc., Tom Crossland, and Edwin Correa's decision to enter into the assignment was fair and reasonable under the circumstances.  Prior to the assignment Defendants Arch, Zurich, and Clarendon had denied indemnification.

35. Crosstech VI, Inc., Tom Crossland, and Edwin Correa requested that all Defendants provide them with a liability policy that would insure them against all potential liability claims that could arise from Crosstech VI, Inc. business or actions of its employees while using Crosstech VI, Inc's property or vehicles.

36. Crosstech VI, Inc. disclosed to all Defendants the type of business they conducted and the types of boiler services that his business provided and the vehicles that were utilized in furtherance of said business.

37. All Defendants represented to Crosstech VI, Inc., that they would and did provide him with an insurance policy that would indemnify them for all potential claims of negligence arising from their business.

38. Crosstech VI, Inc., paid premiums on the insurance policies based on the representation that the policies insured Crosstech VI, Inc., from all potential claims of liability that could arise from the operation of their business.

39. As a result, Crosstech VI, Inc., Tom Crossland, and Edwin Correa assigned their claims to Plaintiff Codrington and Plaintiff Codrington is entitled to recover the amount of his Consent Judgment and Crosstech VI, Inc.'s, Tom Crossland, and Edwin Correa's damages of Attorney's fees and costs and other economic losses.

## COUNT I

40. The Plaintiff sets forth paragraph 1 through 39 as if fully set forth herein.

41. To the extent the Defendants contest the assignment or the validity of the terms, Plaintiff seeks a declaration that (1) the assignment, and each of its terms, is valid and enforceable and (2) the Defendants do not have a valid defense to enforcement of the assignment.

## COUNT II

42. The Plaintiff sets forth paragraph 1 through 41 as if fully set forth herein.

43. Title 22 of the Virgin Islands code governs insurance transactions affecting subjects located in the U.S.V.I. *See* 22 VIC 1. Insurance carriers owe a duty of good faith and honesty and equity in all insurance matters. *See* 22 V.I.C. §2. Also, a Defendant's right to control the litigation coupled with its right to settle or refuse to

<u>CODRINGTON, JAMES, ET. AL. V. ARCH SPECIALTY INSURANCE COMPANY, ET. AL., CASE NO</u>

<u>COMPLAINT</u>
Page 9

settle claims against the insured imposed upon it both fiduciary duties and a duty of good faith and fair dealing under the common law.  See, *Buntin v. Continental Ins. Co.*, 525 F. Supp. 1077, 1081 (D.V.I. 1981).   A breach of those duties creates extra contractual quasi contractual and tort liability.

44. Defendants Arch, Zurich, and Clarendon breached their duty to timely and adequately defend and indemnify Crosstech VI, Inc., and Edwin Correa and exposed Crosstech VI, Inc., and Edwin Correa to an award in excess of $5,000,000.00.

45. When the Defendants Arch, Zurich, and Clarendon refused Codrington's offer to settle the case within policy limits and refused to defend or indemnify Crosstech VI, Inc., and Edwin Correa, they placed their interests ahead of Crosstech VI, Inc., and Edwin Correa's.  Defendants Arch, Zurich, and Clarendon breached their duty of "good faith, honesty, and equity" and their fiduciary duties to Crosstech VI, Inc., and Edwin Correa by unreasonably exposing Crosstech VI, Inc., and Edwin Correa to liability in excess of policy limits.  Codrington seeks judgment that the Defendant Arch, Zurich, and Clarendon breached their duty to Crosstech VI, Inc. and Edwin Correa to accept a reasonable settlement offer and to defend and indemnify within policy limits and that they are therefore liable for the confessed Judgment, plus costs fees and interest.

46. As a result Plaintiff has suffered damages and is entitled to collect the consent judgment and for the damages suffered to Crosstech VI, Inc., Tom Crossland, and Edwin Correa.

## COUNT III

47. The Plaintiff sets forth paragraph 1 through 46 as if fully set forth herein.

48. Title 22 of the Virgin Islands code governs insurance transactions affecting subjects located in the U.S.V.I. *See* 22 VIC 1. Insurance carriers owe a duty of good faith and honesty and equity in all insurance matters. A breach of those duties creates extra contractual, quasi contractual, and tort liability.

49. Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services of Texas on their own and as agents for the other Defendants breached that duty when they failed to properly underwrite Crosstech Boiler Services, L.P., and Crosstech VI, Inc.'s policies and failed to reveal to them the same.

50. Defendants further breached that duty when they refused to reform Crosstech Boiler Services, L.P., and Crosstech VI, Inc.'s policies to cover the claims of Codrington.

51. As a result Plaintiff is entitled to payment of the consent judgment and the damages suffered by Crosstech VI, Inc., Tom Crossland, and Edwin Correa.

## COUNT IV

52. The Plaintiff sets forth paragraph 1 through 51 as if fully set forth herein.

CODRINGTON, JAMES, ET. AL. V. ARCH SPECIALTY INSURANCE COMPANY, ET. AL., CASE NO

COMPLAINT
Page 11

53. Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services were acting as agents for Defendants Arch, Zurich, and Clarendon.

54. To the extent the policy as written did not cover Plaintiff's claims against Crosstech VI, Inc., Tom Crossland and/or Edwin Correa, Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services breached their contractual duties to Defendants Arch, Zurich, and Clarendon of which Crosstech, VI, Inc., Tom Crossland and Edwin Correa were third party beneficiaries.

55. As a result, Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services and the other Defendants are liable to Crosstech VI, Inc., Tom Crossland and Edwin Correa and by assignment Plaintiff in the amount of five million dollars plus Crosstech VI, Inc., Tom Crossland, and Edwin Correa's attorney fees and costs and pre and post judgment interest.

## COUNT V

56. The Plaintiff sets forth paragraph 1 through 55 as if fully set forth herein.

57. As agents of Defendants Arch, Zurich, and Clarendon, Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services negligently and improperly underwrote Crosstech VI, Inc., Tom Crossland and Edwin Correa's insurance policies.

58. Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services failed to warn or inform Crosstech, VI, Inc., Tom Crossland, and/or Edwin Correa that it had not properly underwritten the insurance policies in breach of its duties to do so.

CODRINGTON, JAMES, ET. AL. V. ARCH SPECIALTY INSURANCE COMPANY, ET. AL., CASE NO

COMPLAINT
Page 12

59. As a result, Crosstech VI, Inc., Tom Crossland and Edwin Correa suffered damages as set forth herein and which were assigned to Plaintiff.

## COUNT VI

60. The Plaintiff sets forth paragraph 1 through 59 as if fully set forth herein.

61. To the extent Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services were the agents of Crosstech VI, Inc., Tom Crossland and/or Edwin Correa, they breached their duties as agent when they failed to properly underwrite the Crosstech VI, Inc., Tom Crossland and Edwin Correa insurance policy.

62. Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services failed to inform Crosstech VI, Inc., Tom Crossland, and/or Edwin Correa that the policy had not been properly underwritten.

63. As a result, Crosstech, VI, Inc., Tom Crossland and Edwin Correa suffered damages as set forth herein which they assigned to Plaintiff.

## COUNT VII

64. The Plaintiff sets forth paragraph 1 through 64 as if fully set forth herein.

65. Crosstech VI, Inc. and Tom Crossland went to Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services to obtain liability insurance that would defend and indemnify the business against all claims for negligent conduct.

66. Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services represented to Crosstech VI, Inc. and Tom Crossland that they had underwritten

insurance policies for Crosstech VI, Inc. and Tom Crossland for all claims of negligence.

67. Crosstech VI, Inc. and Tom Crossland reasonably relied on the representations of the Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services on their own and as agents of the other Defendants, to their detriment.

68. Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services on their own and as agents of the other Defendants knew or should have known that those representations were not accurate but failed to disclose the same to Crosstech VI, Inc. and Tom Crossland.

69. Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services on their own and as agents of the other Defendants engaged in negligent misrepresentation.

70. Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services engaged in intentional misrepresentation.

71. Defendants Deep South Surplus of Texas, L.P., and Crump Ins. Services on their own and as agents of the other Defendants engaged in misrepresentation as set out in section 539, 543, 545, 552 of the Restatement of Torts.

72. Crosstech VI, Inc. and Tom Crossland relied on those misrepresentations to their detriment.

73. As a result, Crosstech VI, Inc., Tom Crossland and Edwin Correa were damaged as set forth herein and have assigned those damages to Plaintiff.

CODRINGTON, JAMES, ET. AL. V. ARCH SPECIALTY INSURANCE COMPANY, ET. AL., CASE NO

COMPLAINT
Page 14

## COUNT VIII

74. The Plaintiff sets forth paragraph 1 through 73 as if fully set forth herein.

75. Upon information Defendants Arch, Zurich, and Clarendon knew they did not intend to provide Crosstech VI, Inc. and Tom Crossland with insurance policies that would insure them for all claims of negligent liability but not limited to the types of claims of the Plaintiff.

76. Defendants Arch, Zurich and Clarendon knew Crosstech VI, Inc. and Tom Crossland believed and expected Defendants Arch, Zurich, and Clarendon to provide them with policies that insured them against all claims and knew they failed to do so, but failed to disclose those facts to Crosstech VI, Inc. and Tom Crossland.

77. Defendants Arch, Zurich, and Clarendon also affirmatively represented to Crosstech VI, Inc. and Tom Crossland, that the insurance policies provided to them and for which they paid, covered them for all claims of liability as a result of negligent conduct and Defendants Arch, Zurich, and Clarendon knew those representations were false.

78. Crosstech VI, Inc. and Tom Crossland relied on those representations to their detriment.

79. Defendants Arch, Zurich, and Clarendon are in violation of sections 530, 531, 532, 534, 536, 538A, 539, 541A, 542, 545 of the Restatement of Torts.

80. As a result, Crosstech VI, Inc. and Tom Crossland sustained damages herein which they have assigned to Plaintiff.

CODRINGTON, JAMES, ET. AL. V. ARCH SPECIALTY INSURANCE COMPANY, ET. AL., CASE NO

COMPLAINT
Page 15

## COUNT IX

81. The Plaintiff sets forth paragraphs 1 through 77 as if fully set forth herein.

82. The Defendants Arch, Zurich, and Clarendon acted fraudulently in their dealings with Crosstech VI, Inc., Tom Crossland and Edwin Correa in falsely claiming there was no coverage when there was.

83. As a result, Crosstech VI, Inc., Tom Crossland, and Edwin Correa were exposed to a judgment against them and are liable to Plaintiff as assignee for Crosstech VI, Inc., Tom Crossland, and Edwin Correa's damages related thereto.

**WHEREFORE**, Plaintiff prays for declaratory relief and judgment against the Defendants for the full amount of the consent judgment, pre and post judgment interest, costs and fees as well as punitive damages for Defendants' reckless disregard of the rights and interests of Crosstech VI, Inc., Tom Crossland, and Edwin Correa and such other relief as this Court deems fair and just.

LEE J. ROHN AND ASSOCIATES, LLC
Attorneys for Plaintiffs

DATED:  April 1, 2019

BY: _____
Lee J. Rohn, Esq.
VI Bar No. 52
1101 King Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
lee@rohnlaw.com

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

JAMES CODRINGTON,

Plaintiff,

v.

CROSSTECH V.I., INC., EDWIN
CORREA, CROSSTECH BOILER
SERVICES L.P., CRS VI, INC.,

Defendants.

CIVIL NO. 278/2007

**ACTION FOR DAMAGES**

<u>JURY TRIAL DEMANDED</u>

<u>CONSENT JUDGMENT</u>

COMES NOW, Crosstech VI, Inc. and Edwin Correa, subject to the terms of "Assignment and Agreement Not to Execute" entered into by Crosstech VI, Inc. and Edwin Correa on June 8, 2018, and June 19, 2018, respectively (Exhibit 1), and consent to judgment against them in the amount of $5,000,000.00.

DATED: June 21, 2018

BY: _____
Lee J. Rohn, Esq.
VI Bar No. 0052
1101 King Street
Christiansted, St. Croix
U.S. Virgin Islands, 00820
Telephone: (340)-778-8855
Attorneys for Plaintiff



EXHIBIT
1

James Codrington
Plaintiff
P.O. Box 1479
St. Croix, VI 00821

SUBSCRIBED AND SWORN
to before me this _29_ day of _June_, 2018

Notary Public

YVONNE V. STANLEY
Notary Public
St. Croix U.S. Virgin Islands
NP-16-15
My Commission Expires February 13, 2019

My Commission Expires:

DATED: _6/25/18_

BY: _(signature)_
Melissa Ortiz
Law Offices of Douglas L.
Capdeville, P.C.
For Crosstech VI, Inc.
2107 Company St., Lot 4
St. Croix, VI 00822-4918

DATED: _June 22 2018_

BY: _(signature)_
Tom Crossland
For Crossland VI, Inc.
Defendant
Address:_____
_____
Ph:_____

SUBSCRIBED AND SWORN
to before me this _22_ day of _June_, 2018

_(signature)_
Notary Public

My Commission Expires: _02/24/2020_

EMILIO DE LEON
Notary ID #130553140
My Commission Expires
February 24, 2020

DATED: ___6/22/18___        BY: _____

                                                    Thomas Kraeger
                                                    Sanford, Amerling & Associates
                                                    For Edwin Correa
                                                    2191 Church St.
                                                    St. Croix, VI 00820-4601

DATED: _6/22/18_        BY: _Edwin Cosme_

                                                    Edwin Correa
                                                    Defendant  P.o Box 6423
                                                    Address: Sunny isles  00823.

                                                    Ph:  787-365-1770

SUBSCRIBED AND SWORN
to before me this 22 day of June, 2018

_____
Notary Public

My Commission Expires:_____   MICHAEL JAMES SANFORD, ESQ.
                                              Notary Public
                                       St. Croix, U.S. Virgin Islands
                                     Commission Expires: July 7, 2021
                                            LNP-11-17

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

JAMES CODRINGTON,

          Plaintiff,

    v.

CROSSTECH V.I., INC., EDWIN
CORREA, CROSSTECH BOILER
SERVICES L.P., CRS VI, INC.,

          Defendants.

CIVIL NO. 278/2007

**ACTION FOR DAMAGES**

<u>JURY TRIAL DEMANDED</u>

<u>**ORDER ENTERING CONSENT JUDGMENT**</u>

The Plaintiff and Defendants Crosstech VI, Inc. and Edwin Correa, having entered into a Consent Judgment and filed the same with the Court, subject to the terms of "Assignment and Agreement Not to Execute" entered into by Crosstech VI, Inc. and Edwin Correa on June 8, 2018, and June 19, 2018, respectively (Exhibit 1), judgment is entered in favor of the Plaintiff and against Defendants Crosstech VI, Inc. and Edwin Correa, in the amount of $5,000,000.00.

_____
Hon. Douglas Brady
Judge of the Superior Court

**ATTEST**:

Estrella George
CLERK OF THE COURT

By: _____ _____
    Deputy Clerk

Date: _____

<u>Distribution List</u>:
Lee J. Rohn, Esq.
Douglas Capdeville, Esq.
Thomas Kraeger, Esq.

## ASSIGNMENT AND AGREEMENT NOT TO EXECUTE

### I. PARTIES

The Parties to this Assignment and Agreement Not to Execute are:  James Codrington and Crosstech VI, Inc.

### II. DEFINITIONS

2.01    "Plaintiff" is James Codrington.

2.02    "Defendants" are Crosstech VI, Inc. and Edwin Correa.

2.03    "Litigation" means Civil No. 07-278 pending in the Superior Court of the Virgin Islands Division of St. Croix.

2.04    "Assignment" or "Agreement" means this Assignment and Agreement Not to Execute, including all the attached exhibits, which are expressly incorporated herein.

2.05    The "Insurers" are Arch Specialty Insurance Company a/k/a Arch or related insurance companies, Zurich or related insurance companies, and Clarendon America Insurance Company a/k/a Clarendon or related insurance companies.



2.06    The "Policies" means that Arch Specialty Insurance Company Texas Liability Umbrella Policy No. ULP0023176-00 for the policy period 09/21/2007 to 9/21/2008 as extended in the amount of $2,000,000.00.  Zurich Commercial General Liability Policy No. SCO 5918338 01 for the policy period 01/11/07 to 01/11/08 as extended in the amount of $2,000,000.00.  Clarendon America Insurance Company Policy No. DCT000009224 for the policy period 12/19/06 to 12/19/07 as extended in the amount of $1,000,000.00 which are



EXHIBIT
2

Codrington, James v. Crosstech V.I., Inc., et al., Civil No. CIVIL NO. 278/2007

the only policies of insurance Defendants Crosstech VI, Inc. and Edwin Correa, have represented are pertinent to the litigation.

2.07    The "Carrier" means Arch Specialty Insurance Company Texas Commercial Liability Umbrella Policy, Zurich Commercial General Liability Policy, Business Auto Coverage Policy and/or any other insurance company obligated to defend and/or indemnify Defendants Crosstech VI, Inc. and Edwin Correa, under the Policies or any other insurance policies applicable to the claims of the Plaintiff.

### III. STATEMENT OF FACTS AND RECITIALS

The Parties stipulate and agree to the following facts.  With respect to the factual recitations of Section 3.02, Defendants' Crosstech VI, Inc. and Edwin Correa, stipulation and agreement are made upon information and belief.

3.01    The Plaintiff and Defendants Crosstech VI, Inc. and Edwin Correa, are Parties to the Litigation.  These statements of Facts and Recital cannot be used in any other litigation.

3.02    On March 4, 2007, Plaintiff was operating a motorcycle on St. Croix, USVI.  On that date.  Defendant Edwin Correa was operating a motor vehicle on St. Croix, USVI.  Defendant Correa's vehicle and Plaintiff's motorcycle collided.  As a result of the collision Plaintiff sustained significant injuries including but not limited to the amputation of his foot and lower leg.  Defendant Correa was cited by the St. Croix Police Department for failure to yield.

Codrington, James v. Crosstech V.I., Inc., et al., Civil No. CIVIL NO. 278/2007

## SCOPE OF ASSIGNMENT

3.03    The Parties intend that the full terms and conditions of the assignment be set

forth in this Assignment.

In consideration of the agreements contained in this Assignment and other good and

valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the

parties agree as follows:

## IV. REPRESENTATIONS AND WARRANTIES

The following representations and warranties shall survive the execution of this

Assignment.

## AUTHORITY

4.01    Each Party to this Assignment warrants and represents that he, she, or it has

the power and authority to enter into this Assignment and that this

Assignment and all documents delivered pursuant to this Assignment to

which he, she or it is a party, are valid, binding and enforceable upon him,

her or it.

4.02    Plaintiff warrants and represents that he shall defend and indemnify

Defendants Crosstech VI, Inc. and Edwin Correa, from any and all liens

which may be claimed by third parties for or on account of medical expenses

incurred by Plaintiff or expended on Plaintiff's behalf for the damages alleged

in the Litigation to have been caused in whole or in part by Defendants.

## OWNER OF ASSIGNED CLAIM

<u>Codrington, James v. Crosstech V.I., Inc., et al.</u>, Civil No. CIVIL NO. 278/2007

4.03   Defendants Crosstech VI, Inc. and Edwin Correa warrant and represent that
they own the claims or claims assigned in this Assignment and that no part
of their claim or claims against the Carrier subject to this Assignment have
been assigned or transferred to any other person or entity.

### V.  ASSIGNMENT TERMS

In reliance upon the representations, warranties and covenants in this Assignment, and
concurrently with the execution and delivery of this Assignment, the parties agree as follows:

5.01   Defendants Crosstech VI, Inc. and Edwin Correa, assign to Plaintiff any and all
rights that Defendants may have against the Carrier, arising out of or in any
way related to the Litigation.  The Assignment includes, but is not limited to,
all of Defendants' extra-contractual or bad faith claims and any claims
against the agents or employees of the Carrier (whether sounding in
contract, tort or existing under statute or the common law, or otherwise)
arising from any failure of the Carrier to properly fulfill its good faith
obligations to defend and protect Defendants from liability to Plaintiff and to
correctly underwrite the policies of insurance.

5.02   Consistent with *Evanston Ins. Co. v. Treister*, 794 F. Supp. 560, 572573 (DVI
1992), *In re Tutu Water Wells Contamination Litigation*, 78 F. Supp. 2d 423,
430 (DVI 1999), and *Amerda Hess Corp. v. Zurich Ins. Co.*, 29 Fed. Appx.
800, 807 2002 WL 356162*7 (3rd Cir. 2002), and all other applicable Virgin
Islands law (statutory or otherwise), the Parties therefore enter into this
Agreement with the intent that the Defendants Crosstech VI, Inc. and Edwin

<u>Codrington, James v. Crosstech V.I., Inc., et al.,</u> Civil No. CIVIL NO. 278/2007

Correa, and individuals related to or affiliated with Defendants Crosstech VI,

Inc. and Edwin Correa shall obtain complete protection for their assets and

that the Plaintiff shall obtain, by way of Assignment, the right to recover the

compensatory damage value of their claims directly and solely from Arch,

Zurich and Clarendon policies ULP0023176-00, SCO 5918338 01,

DCT000009224 respectively.  Plaintiff shall and does also obtain, by way of

this Assignment, the Defendants' right to assert a cause of action for

insurance bad faith, negligence, breach of contract, failure to properly

underwrite, and any other applicable claims against any insurance

companies, firms, agents, and individuals that may properly be named as

Defendants in any such action against the Carrier.

COVENANT NOT TO EXECUTE

5.03    Plaintiff agrees not to execute on or otherwise seek satisfaction of the Consent

Judgment and/or any other judgment entered in the Litigation (including any

award of costs, interest, or fees) from or against any assets of Defendants

Crosstech VI, Inc., CRS VI, Crosstech Boiler Services L.P. and Edwin

Correa or Thomas Crossland, other than any and all rights Defendants may

have against the Carrier or any other rights assigned to Plaintiff by this

Assignment.  Plaintiff further agrees not to pursue execution against or any

claim or cause of action against any individual or entity presently or

formerly related to Defendants or Thomas Crossland for or on account of

any such judgment or for any damages claimed by Plaintiff and asserted in

the Litigation.  Other than if Defendants fail to timely pay ten thousand

dollars

<u>Codrington, James v. Crosstech V.I., Inc., et al.,</u> Civil No. CIVIL NO. 278/2007

($10,000.00) that Defendants agree to pay Plaintiff partially to induce Plaintiff to enter into this agreement.

## AGREEMENT TO ACCEPT JUDGMENT

5.04    Defendants agree to settle this claim for five million dollars ($5,000,000.00) and have consent judgment entered against it in the amount of five million dollars ($5,000,000.00) and not interfere with the Judgment or any other judgment entered in the Litigation (including any award of costs, interest or fees). Defendants Crosstech VI, Inc. and Edwin Correa, further acknowledge that this is a fair and reasonable settlement of this claim.  The Plaintiff agrees not to execute on the Consent Judgment against Defendants but to look solely to the insurance companies and its agents for the collection of said judgment plus pre-judgment and post-judgment interest, cost, including attorney's fees, and such other reasonable belief.

## VI. MISCELLANEOUS

6.01    This Agreement has been prepared by the joint efforts of the respective parties.

6.02    If any provision of this Assignment is or may be held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall survive or continue in full force and effect.

6.03    None of the parties to this Assignment have expressed any facts, representations, express or implied warranties, except as expressly contained in this Assignment.

Codrington, James v. Crosstech V.I., Inc., et al., **Civil No. CIVIL NO. 278/2007**

6.04    The Assignment shall continue perpetually and shall be binding upon the parties and their heirs, successors, and assigns and shall inure to the benefit of the parties and their heirs, successors, and assigns.

6.05    This Assignment represents the entire agreement of the parties and supersedes all prior written or oral agreements, and the terms are contractual and not mere recitals.

6.06    This Assignment may not be amended, altered, modified or changed in any way except in writing signed by all the parties to this Assignment.

6.07    **THE PARTIES EXPRESSLY WARRANT THAT THEY HAVE CAREFULLY READ THIS ASSIGNMENT AND ALL EXHIBITS ATTACHED TO THIS ASSIGNMENT, UNDERSTAND ITS CONTENTS AND SIGN THIS ASSIGNMENT AS THEIR OWN FREE ACT.**

6.08    The parties have executed this Assignment in multiple originals and may be executed in multiple counterparts.  The Parties have initialed each page of this Assignment.  Signatures may be affixed and transmitted by facsimile or other electronic means, and all such signatures shall be deemed an original signature for all purposes.

Codrington, James v. Crosstech V.I., Inc., et al., Civil No. CIVIL NO. 278/2007

**IN WITNESS WHEREOF** the Parties have executed this Agreement on the dates

indicated at their respective signatures below.

JAMES CODRINGTON, PLAINTIFF

SUBSCRIBED AND SWORN
to before me this 29 day of June , 2018

YVONNE F. STANLEY
Notary Public
St. Croix, U.S. Virgin Islands
NP-16-15
My Commission Expires February 28, 2019
My Commission Expires

Tom Crossland for
Crosstech VI, Inc., Defendant

SUBSCRIBED AND SWORN
to before me this 8th day of June , 2018

Notary Public

PAUL G MORRISON
Notary Public, State of Texas
Comm. Expires 03-31-2020
Notary ID 130601561

My Commission Expires:

3-31-2020

Codrington, James v. Crosstech V.I., Inc., et al., Civil No. CIVIL NO. 278/2007

*Edwin Correa Correa*

Edwin Correa

SUBSCRIBED AND SWORN
to before me this __19th__ day of __June__, 2018

Notary Public

My Commission Expires:

MICHAEL JAMES SANFORD, ESQ.
Notary Public
St. Croix, U.S. Virgin Islands
Commission Expires: July 7, 2021
LNP-11-17