# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| JAMES CODRINGTON, as Assignee of the rights of Crosstech VI, Inc., and EDWIN CORREA<br><br>      Plaintiff,<br><br>v.<br>ARCH SPECIALTY INSURANCE COMPANY OF TEXAS (ARCH), ZURICH INSURANCE COMPANY (ZURICH), CLARENDON AMERICAN INSURANCE COMPANY (CLARENDON), DEEP SOUTH SURPLUS OF TEXAS, L.P., and CRC SCU f/k/a CRUMP INS. SERVICES,<br><br>      Defendants.<br>_____ | 1:19-cv-00026 |

TO: W. Mark Wilczynski, Esq.
   Lee J. Rohn, Esq.
   Maria T. Hodge, Esq.
   Robert J. Kuczysnki, Esq.
   David Hendrix, Esq.
   Andrew C. Simpson, Esq.

## ORDER

THIS MATTER is before the Court upon Defendant Steadfast Insurance Company's (Steadfast)[1] Corrected[2] Motion To Quash Service (ECF No. 33). Plaintiffs have not submitted a response, and the time to do so has now passed.

Steadfast disputes the validity of the service of a Second Amended Complaint under 28 U.S.C. § 1448 and asks the Court to quash it. Having reviewed the motion,

---

[1] As will be explained *infra*, Steadfast is improperly named in this suit as Zurich Insurance Company.

[2] There were two errors in the exhibits attached to Steadfast's original Motion To Quash Service (ECF No. 20) filed on June 25, 2019. The instant corrected motion is filed with the proper exhibits, and there were no substantive changes to Steadfast's legal arguments in the corrected motion.

the Court agrees with Steadfast that service was defective and quashes the Superior Court-issued Summons served after removal of the case to this Court.

On April 2, 2019, Plaintiffs filed a Complaint in the Superior Court of the Virgin Islands. ("Compl.," ECF No. 1-3). Plaintiffs named Zurich Insurance Company as one of the defendants, identifying Zurich as "Zurich Insurance Company-Steadfast Insurance Company" in the body of the Complaint. *Id.* at ¶ 4. On April 25, 2019, Plaintiffs then filed their First Amended Complaint. ("FAC," ECF No. 1-2), which also referred to Zurich as "Zurich Insurance Company-Steadfast Insurance Company." FAC at ¶ 4. On May 17, 2019, Plaintiffs moved to amend the First Amended Complaint. (Pls.' Mot. To Amend FAC," ECF No. 33, Ex. 1). In that motion, Plaintiff wrote:

> **COMES NOW** Plaintiff by and through undersigned counsel and pursuant to Rule 15(a)(2) of the Virgin Islands Rules of Civil Procedure moves this Court for leave to amend the First Amended Complaint in this matter to correct the name of Zurich Insurance Company to Steadfast Insurance Company. Steadfast Insurance Company is a subsidiary of Zurich. The policy at issue in this matter with regard to Zurich is actually written by Steadfast Insurance Company.

*Id.* at 1.

On May 28, 2019, the Superior Court issued a summons in the name of Steadfast Insurance Company, and a copy of a Second Amended Complaint, bearing the Superior Court case number ("Summons," ECF No. 33-2). On May 31, 2019, Defendant CRC Insurance Services, Inc., removed to this Court the First Amended Complaint. (Not. of Remov., ECF No. 1). On June 7, 2019, the Superior Court served Steadfast with the summons and the attached Second Amended Complaint. *See*

Summons. As of the date Steadfast filed the immediate motion, the Superior Court had not ruled on Plaintiffs' Motion To Amend the First Amended Complaint, and the Second Amended Complaint was never approved. (ECF No. 33-3). Plaintiff then filed the immediate motion.

Service of the state-court process was not valid. The controlling statute is 28 U.S.C. § 1448, which provides, in relevant part, the following:

> In all cases removed from any State court to any district court of the United States *in which any one or more of the defendants has not been served with process* or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448 (emphasis added). That section has been interpreted to mean:

> [W]here the defendant has never been put on notice of the state court proceeding prior to removal…the federal court cannot "complete" the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The state court process becomes null and void on the date the action is removed to federal court.

*Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). *See also Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962); *DiCesare-Engler Productions, Inc. v. Mainman Ltd.*, 421 F.Supp. 116 (W.D. Pa. 1976).

Following removal, exclusive jurisdiction of this action became vested in this Court. *See Fischman v. Fischman*, 470 F. Supp. 980, 984 (E.D. Pa. 1979). Steadfast correctly states, this "might be a different matter if the service in question was of the *First Amended Complaint* and an accompanying summons." (Steadfast's Mot. at 5

(italics within)), because the FAC became operative in the Superior Court once it was filed. *See* V.I. R. Civ. P. 15(a) (allowing for "[a] party [to] amend its pleading once as a matter of course"). Some courts have found that there can be valid service under Section 1448 for process *issued* prior to removal but not completed until after removal. *See, e.g., Edwards v. Fla. Dep't of Corr.*, No. 1:15CV17-MW/GRJ, 2015 WL 12911715, at *1-2 (N.D. Fla. Dec. 7, 2015); *Minter v. Showcase Sys., Inc.*, 641 F. Supp. 2d 597, 602 (S.D. Miss. 2009).

However, the Court need not make a call as to whether it should side with those courts, because the SAC never became operative in the Superior Court. It cannot become operative in this Court—at least not without being re-filed—simply because it was packaged with the original Superior Court case. The Superior-Court-issued summons containing the SAC became null and void at the time of removal. As a result, it is defective and must be quashed. Plaintiffs are required to have new summonses issued by this Court.

WHEREFORE, it is now hereby **ORDERED**:

1. Defendant Steadfast Insurance Company's Corrected Motion To Quash Service is **GRANTED** (ECF No. 33).
2. Defendant Steadfast Insurance Company's Motion To Quash (ECF No. 20) is **MOOT**.
3. Service of the Second Amended Complaint upon Steadfast Insurance Company is hereby **QUASHED** and held without effect with the

understanding that Plaintiffs may seek leave of court to amend their

Complaint and accompanying summons without prejudice.

ENTER:

Dated: August 5, 2019          /s/ George W. Cannon, Jr.
                               GEORGE W. CANNON, JR.
                               MAGISTRATE JUDGE