DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| JAMES CODRINGTON, as Assignee of the rights of Crosstech VI, Inc., and, EDWIN CORREA,<br><br>          **Plaintiffs,**<br><br>  v.<br><br>ARCH SPECIALTY INSURANCE COMPANY OF TEXAS (ARCH), STEADFAST INSURANCE COMPANY (STEADFAST), ZURICH INSURANCE COMPANY (ZURICH), CLARENDON AMERICAN INSURANCE COMPANY (CLARENDON), DEEP SOUTH SURPLUS OF TEXAS, L.P., and CRC SCU f/k/a CRUMP INS. SERVICES,<br><br>          **Defendants.**<br>_____ | 1:19-cv-00026 |

TO:    Lee J. Rohn, Esq.
          Maria Tankenson Hodge, Esq.
          Mark D. Hodge, Esq.
          W. Mark Wilczynski, Esq.
          Andrew C. Simpson, Esq.
          Kevin M. Neslage, Esq.
          Jessica S. Forbes, Esq.
          Seth V. Alhadeff, Esq.
          Robert J. Kuczynski, Esq.
          Lauren Baio, Esq.
          David S. Hendrix, Esq.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court upon Defendant Clarendon's Motion To Strike The Second Amended Complaint (ECF No. 41), Plaintiffs' opposition thereto (ECF No. 44), and

*Codrington v. Arch Specialty Ins. Co. of Texas*
1:19-cv-00026
Memorandum Opinion and Order
Page 2

Clarendon's reply (ECF No. 45); Defendant Steadfast's Rule 12 Motion (ECF No. 57), Plaintiff's opposition thereto (ECF No. 58), and Steadfast's reply (ECF No. 60).

Clarendon seeks to strike Plaintiff's Second Amended Complaint (ECF No. 40), filed on August 26, 2019, for failure to comply with Fed. R. Civ. P. 15 and the District Court's Local Rules. Steadfast echoes the same line of argument presented by Clarendon and, separately, moves for a more definitive statement in the Second Amended Complaint (*See* ECF No. 57 at 4-6). Plaintiffs oppose the motions on the grounds that they properly filed the Second Amended Complaint as a matter of course, or, alternatively, that the Court should grant them leave to amend.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). If a party cannot amend its pleading as a matter of course pursuant to Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Clarendon contends that the Second Amended Complaint does not comply with Local Rule of Civil Procedure 15.1 ("Rule 15.1"). Rule 15.1 provides, in pertinent part, that:

> A party who moves to amend a pleading shall file the amendment with the motion. Except as otherwise ordered by the Court, *any amendment* to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference.

LRCi 15.1 (Emphasis added).

*Codrington v. Arch Specialty Ins. Co. of Texas*
1:19-cv-00026
Memorandum Opinion and Order
Page 3

Here, the Court need not address whether Plaintiffs filed their Second Amended Complaint as a matter of right, because LRCi 15.1 is clear in its requirement that an amended pleading must be supplemented by tracked changes. While Plaintiffs did attach a proposed amended complaint with tracked changes to their *opposition brief* in response to Clarendon's motion (ECF No. 44-1), they did not submit a marked-up copy with the actual Second Amended Complaint. Failure to comply with Rule 15.1 is grounds for denying leave to amend a complaint. *See Smith v. All Persons Claiming a Present or Future Interest in Estate 13,* No. CV 2011-41, 2017 WL 987451, at *4 (D.V.I. Mar. 14, 2017)(holding that the "[c]ourt was well within its authority to strike" an amended complaint filed with leave of court when the plaintiff failed to identify the differences between the amended complaint and the original pleading); *Brooks-McCollum v. Emerald Ridge Serv. Corp.,* 563 Fed. App'x. 144, 147 (3d Cir. 2014) (holding that "fail[ure] to comply with D. Del. Local Rule 15.1, which requires that a draft of the proposed amended complaint be submitted with the motion . . . is an adequate basis for denying leave to amend"). While Local Rule 15.1 may seem to be a mere formality, compliance with it is essential in all cases, especially this one, which involves multiple defendants, not all of whom are seeking the same relief in this particular motion.

Although Plaintiffs have cited some caselaw indicating that each defendant is treated separately under Fed. R. Civ. P. 15 when a plaintiff files an amended complaint, the Court believes that the policy embodied in *Logue v. Patient First Corp.*, 246 F. Supp. 3d 1124, 1126 (D. Md. 2017) is more applicable to this case. In *Logue*, a Maryland federal district court

*Codrington v. Arch Specialty Ins. Co. of Texas*
1:19-cv-00026
Memorandum Opinion and Order
Page 4

rejected the plaintiffs' argument that "in a multi-defendant case […], any time any defendant were to file either an answer or a Rule 12 motion to dismiss, [the plaintiffs] would have a new opportunity to amend their pleading 'once as a matter of course.'" The Court is inclined to follow *Logue* as to this particular issue or else Plaintiffs would be able to amend their Complaint *ad infinitum* as new defendants are added and file new Rule 12 pleadings. Indeed, in complex multi-defendant litigation, there must be some semblance of organization and predictability on the docket so as to maintain the integrity of the lawsuit.

Further, to the extent that Plaintiffs believe that their Second Amended Complaint would otherwise comply with Fed. R. Civ. P. 15, they have failed to properly state that they should be granted leave to amend. An opposition brief is not a procedurally appropriate vehicle in which to request relief in the form of a court order. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b).

WHEREFORE, it is now hereby **ORDERED**:

1. Clarendon's Motion To Strike The Second Amended Complaint (ECF No. 41) is **GRANTED**.

2. Defendant Steadfast's Rule 12 Motion (ECF No. 57) is **GRANTED in part** and **MOOT in part**. The motion is **granted** insofar as it seeks to strike the Second Amended Complaint. The motion is otherwise **moot.**

*Codrington v. Arch Specialty Ins. Co. of Texas*
1:19-cv-00026
Memorandum Opinion and Order
Page 5

                                ENTER:

Dated: August 14, 2020                      /s/ George W. Cannon, Jr.
                                                       GEORGE W. CANNON, JR.
                                                       MAGISTRATE JUDGE