# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| JAMES CODRINGTON, as Assignee of the rights of Crosstech VI, Inc., and EDWIN CORREA,<br><br>    Plaintiffs,<br><br> v.<br><br>ARCH SPECIALTY INSURANCE COMPANY OF TEXAS (ARCH), ZURICH INSURANCE COMPANY (ZURICH), CLARENDON AMERICAN INSURANCE COMPANY (CLARENDON), DEEP SOUTH SURPLUS OF TEXAS, L.P., and CRC SCU f/k/a CRUMP INS. SERVICES,<br><br>    Defendants.<br>_____ | 1:19-cv-00026 |

TO:  Lee J. Rohn, Esq.
   Jennifer S. Koockogey, Esq.
   Maria Tankenson Hodge, Esq.
   Mark D. Hodge, Esq.
   W. Mark Wilczynski, Esq.
   Andrew C. Simpson, Esq.
   Kevin M. Neslage, Esq.
   Jessica S. Forbes, Esq.
   Seth V. Alhadeff, Esq.
   Robert J. Kuczynski, Esq.
   Lauren Baio, Esq.,
   David S. Hendrix, Esq.
   Veronica Andrea Meza, Esq.

## ORDER GRANTING MOTION TO AMEND FIRST AMENDED COMPLAINT

THIS MATTER is before the Court upon Plaintiffs' Renewed Motion to Amend First

Amended Complaint (ECF No. 77).  Defendant Clarendon American Insurance Company

*Codrington v. Arch Specialty Ins. Co. of Texas*
1:19-cv-00026
Order Granting Motion to Amend First Amended Complaint
Page 2

(Clarendon) filed Defendant Clarendon's Response in Opposition to Plaintiff's [sic] Renewed Motion to Amend First Amended Complaint (ECF No. 78), Defendant CRC Insurance Services, Inc., (CRC) filed Defendant CRC Insurance Service, [sic] Inc.'s Opposition re: Plaintiffs' Renewed Motion to Amend Complaint (ECF No. 79), and Defendant Steadfast Insurance Company (Steadfast) filed Steadfast's Opposition to the Renewed Motion to Amend First Amended Complaint (ECF No. 80). The time for filing any reply has expired.

Plaintiffs first take issue with the Court's previous order striking Plaintiff's Second Amended Complaint, stating that the Court's "ruling appears to be in direct conflict with the Third Circuit Court of Appeals [sic] mandate . . ." Mot. at 1. However, it is important to note that the Court struck Plaintiff's Second Amended Complaint for being in noncompliance with procedural rules, not in response to a motion to dismiss for jurisdictional or other substantive deficiencies. Thus, failure to grant leave to amend at that juncture was not improper.

A review of Plaintiffs' proposed Second Amended Complaint shows that Plaintiffs seek to add a new plaintiff, dismiss two defendants, add one defendant, and rename a defendant. Defendant Clarendon opposes on the grounds of futility, asserting that no insurance coverage is available and that Plaintiffs' claims are barred by the statute of limitations. Clarendon's Opp'n (ECF No. 78) at 4. Defendant CRC argues the proposed amendments are futile to establish personal jurisdiction over said Defendant and are

*Codrington v. Arch Specialty Ins. Co. of Texas*
1:19-cv-00026
Order Granting Motion to Amend First Amended Complaint
Page 3

prejudicial by prolonging said Defendant's involvement in this forum.  CRC's Opp'n (ECF No. 79) at 2.  Defendant Steadfast joins in the argument of Defendant Clarendon and adds that Plaintiffs' allegations of fraudulent conduct are insufficiently pled.  Defendant Steadfast's Opp'n (ECF No. 80) at 2.

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires."  As the United States Supreme Court has declared:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Allowing amendments to correct errors in existing pleadings furthers the objectives of the federal rules that cases should be determined on their merits.  6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1474 (1990). On the other hand, if an amendment would not survive a motion to dismiss, it is futile and will be denied.  *Id*. at § 1487.

While the Court finds that Defendants Clarendon, CRC, and Steadfast have articulated a colorable futility argument against allowing Plaintiffs to amend their complaint, the Court is of the opinion that such an argument is better left for resolution by the District Judge upon any motion to dismiss or other dispositive motion.

*Codrington v. Arch Specialty Ins. Co. of Texas*
1:19-cv-00026
Order Granting Motion to Amend First Amended Complaint
Page 4

Thus, having reviewed Plaintiffs' proposed Second Amended Complaint and with due consideration for the policy favoring liberal allowance of amendments to pleadings, the Court will grant the motion.

Accordingly, it is now hereby **ORDERED:**

1. Plaintiffs' Renewed Motion to Amend First Amended Complaint (ECF No. 77) is **GRANTED**.

2. Plaintiffs shall file forthwith their Second Amended Complaint, as it appears as Attachment #2 (Exhibit 2) filed with the said motion.

ENTER:

Dated: October 1, 2020

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE