**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **JAMES CODRINGTON,** as Assignee of the rights of Crosstech VI, Inc., **TOM CROSSLAND, EDWIN CORREA,** | |
| Plaintiffs, | 1:19-cv-00026-AET-EAH |
| v. | |
| **STEADFAST INSURANCE COMPANY, DEEP SOUTH SURPLUS OF TEXAS, CRC SCU,** | |
| Defendants. | |

**TO:**  Lee J. Rohn, Esq.
Jennifer Sue Koockogey, Esq.
   *For Plaintiffs*
Mark Wilczynski, Esq.
   *For Steadfast Ins. Co.*
David S. Hendrix, Esq.
Veronica Andrea Meza, Esq.
Robert J. Kuczynski, Esq.
   *For CRC SCU*

**ORDER**

**THIS MATTER** comes before the Court sua sponte, given the Status Conference that is scheduled in *Alexander v. Steadfast Insurance*, 1:20-cv-00038, on November 8, 2022 at 10:00 a.m.

In August 2022, the Court held a Rule 16 Conference in this case and *Alexander*—both of which present similar facts and legal issues, have the same counsel representing the same or similar parties, and contain nearly identical motions to dismiss for lack of personal jurisdiction filed by Defendant CRC SCU. Dkt. No. 175. During the Conference, the parties indicated that the cases were or could be consolidated for purposes of discovery, not trial,

*Codrington v. Steadfast Insurance Co.*
1:19-cv-00026-MEM-EAH
Order
Page 2

and that once full discovery took place, some of the issues would be different; however, there was no reason that discovery could not be combined in both cases. The parties pointed out that the fact there was a scheduling order in *Alexander* but not in *Codrington* created some practical difficulties, as it provided deadlines for fact discovery, for example, in *Alexander*, and they did not wish to duplicate discovery in *Codrington* once the Court entered a scheduling order in that case. The parties also discussed their timeline for discovery to trial, agreeing that they could take the cases to trial one year from when the District Judge ruled on the motions to dismiss. The Court stated that it would not hold the parties to the deadlines in the *Alexander* Scheduling Order, and that the District Judge, when appointed, would likely issue his or her own Scheduling Order

The Court concludes that it would be advantageous to hold a status conference in *Codrington* at the same time that it has scheduled a status conference in *Alexander*. The Court would like a report from the parties if any progress has been made in discovery and whether consolidation of the cases for discovery purposes would be formalized by a motion.

Accordingly, it is now hereby **ORDERED** that the Court will hold a status conference in *Codrington v. Steadfast* at the same time as it holds a status conference in *Alexander v. Steadfast* on November 8, 2022 at 10:00 a.m. All counsel may attend by videoconference.

ENTER:

Dated: November 2, 2022
/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE