IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JAMES CODRINGTON, as Assignee of the rights of Crosstech VI, Inc., TOM CROSSLAND and EDWIN CORREA,<br><br>                              Plaintiff,<br><br>          v.<br><br>STEADFAST INSURANCE COMPANY (STEADFAST), CLARENDON AMERICAN INSURANCE COMPANY (CLARENDON), DEEP SOUTH SURPLUS OF TEXAS, L.P., and CRC SCU f/k/a CRUMP INS. SERVICES,<br><br>                              Defendants. | CASE NO. 1:19-cv-00026<br><br>**ACTION FOR DECLARATORY JUDGMENT AND DAMAGES**<br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING FINAL ADJUDICATION OF DEFENDANT'S RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TRANSFER VENUE TO TEXAS**

COMES NOW, Defendant CRC Insurance Services, Inc., incorrectly named as "CRC SCU f/k/a Crump Ins. Services" (hereinafter "CRC"), pursuant to Federal Rule of Civil Procedure 26, hereby moves this Court for entry of an Order staying discovery pending the resolution of Defendant CRC Insurance Services, Inc.'s Renewed Motion to Dismiss or, in the Alternative, Transfer Venue ("Motion to Dismiss") [DE 157; DE 158] and states as follows:

**I.      INTRODUCTION**

A stay is warranted given the factual and procedural circumstances of this case. Simply stated, the Court's granting of a stay will protect and preserve CRC's right to due process. Otherwise, CRC will be required to engage in discovery, thereby waiving its personal jurisdiction challenge currently pending before the Court, which seeks dismissal of the Second Amended Complaint due to this Court's lack of personal jurisdiction over CRC. Moreover, given the nature of Plaintiff's unsupportable allegations and inability to overcome CRC's evidence that this Court

Case: 1:19-cv-00026-MEM-EAH   Document #: 183   Filed: 11/29/22   Page 2 of 11

*James Codrington, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:19-cv-00026
Defendant CRC's Memorandum In Support of Its Motion to Stay
Page 2

does not have personal jurisdiction over CRC, dismissal of the Complaint is highly likely, such that any discovery would be harassing and burdensome to CRC and, as previously recognized by Plaintiff, unduly burdensome to Plaintiff as well, should this Court grant CRC's Motion to Dismiss.

### A.     Procedural Background

On October 16, 2020, CRC filed Defendant CRC Insurance Services, Inc.'s Motion to Dismiss or, in the Alternative, Transfer Venue and its Memorandum of Law [DE 89; DE 91] due to the Court's lack of personal jurisdiction over CRC under the V.I. Long Arm Statute and the Due Process Clause of the U.S. Constitution.  On November 2, 2020, Plaintiff filed his Opposition to Defendant CRC Insurance Services, Inc.'s Motion to Dismiss or in the Alternative Transfer Venue [DE 98] in which Plaintiff sought to engage in limited jurisdictional discovery.

On September 21, 2021, this Court entered an Order [DE 123] in which the Court determined that limited jurisdictional discovery was warranted and ordered that the parties complete such discovery.  On January 24, 2022, the parties filed a joint Memorandum in *Alexander v. Steadfast Insurance Co., et al., 1:20-cv-00038* (*Alexander* [DE 49]) in which the parties advised the Court that they had completed the jurisdictional discovery and that the parties agreed that further discovery was not needed until the Court resolved the outstanding critical and dispositive jurisdictional issues before the Court.[1]

On April 11, 2022, CRC filed its renewed motion and memorandum in support of its motion to dismiss for lack of personal jurisdiction. [DE 157; DE 158].  In its Motion to Dismiss, CRC sets forth its compelling argument that CRC, an Alabama corporation with no contacts to the U.S. Virgin Islands, did not provide a service in the U.S. Virgin Islands or purposefully avail itself

---

[1] The parties and the Court have previously recognized that this case and *Alexander* are very similar and involve nearly identical personal jurisdiction issues and potential discovery such that discovery in *Alexander* would be duplicative in this matter.

Case: 1:19-cv-00026-MEM-EAH   Document #: 183   Filed: 11/29/22   Page 3 of 11

*James Codrington, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:19-cv-00026
Defendant CRC's Memorandum In Support of Its Motion to Stay
Page 3

to the U.S. Virgin Islands. [DE 158]. Rather, as a wholesale insurance broker, CRC approved an application for insurance for Crosstech Boiler Services, LP, a Texas corporation with a principal place of business in Texas ("Crosstech"), by way of Champion Commercial Insurance Agency, L.L.C., a Texas limited liability company acting as the retail insurance agent. *Id.* Moreover, at no point in time, including in the insurance application, did Crosstech advise CRC that it operated in the U.S. Virgin Islands, provide CRC with an island address, or otherwise indicate that it sought an insurance policy which would cover incidents occurring in the U.S. Virgin Islands. *Id.* On May 19, 2022, CRC filed its motion for an evidentiary hearing on its Motion to Dismiss. [DE 164].

On August 8, 2022, this case was transferred from the Honorable U.S. District Judge Anne E. Thompson to the Honorable District Judge Timothy J. Savage. [DE 174]. On September 28, 2022, this case was transferred again from the Honorable U.S. District Judge Timothy J. Savage to the Honorable U.S. District Judge Malachy E. Mannion. [DE 177].

On November 2, 2022, this Court recognized that in *Alexander v. Steadfast Insurance Co., et al.,* 1:20-cv-00038, a related case "which presents similar facts and legal issues, [has] the same counsel representing the same or similar parties, and contain nearly identical motions to dismiss for lack of personal jurisdiction filed by Defendant CRC," that "it would not hold the parties to the deadlines in the *Alexander* Scheduling Order." [DE 179]. The Court further recognized the parties' wish to consolidate discovery between *Alexander* and *Codrington* to preserve resources and avoid duplicative discovery. *Id.*

CRC now moves the Court in this matter and in *Alexander* to enter an Order staying discovery to protect and preserve CRC's personal jurisdiction challenge and to avoid imposing an undue burden on CRC and Plaintiff until the newly assigned District Judge rules on the pending Motion to Dismiss.

Case: 1:19-cv-00026-MEM-EAH   Document #: 183   Filed: 11/29/22   Page 4 of 11

James Codrington, et al., v. CRC SCU f/k/a Crump Ins. et al., Case No. 1:19-cv-00026
Defendant CRC's Memorandum In Support of Its Motion to Stay
Page 4

## II.     MEMORANDUM OF LAW

### A.     Legal Argument

Pursuant to Rule 26(c), courts may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . specifying terms, including time and place, for the disclosure or discovery [or]. . . limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c). Rule 26 allows for the entry of an order staying discovery. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (staying discovery until resolution of a motion to dismiss under Rule 12(b)(6), and explaining that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *see also Mosler v. Cairns*, No. 119CV00007WALEAH, 2022 WL 3370731, at *5 (D.V.I. Aug. 16, 2022) (explaining that "[i]t is well settled, though, that '[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.' *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)"). Indeed, "[m]atters of docket control and the conduct of discovery have long been 'committed to the sound discretion of the district court,' *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), including whether to stay discovery, *Ferguson v. USAA Gen. Indem. Co.*, 334 F.R.D. 407, 409 (M.D. Pa. 2019) (citing, inter alia, *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001))." *Mosler*, 2022 WL 3370731, at *5 (where the magistrate judge stayed discovery pending the adjudication of Defendant's 12(b)(2) motion to dismiss). "That discretion extends to decisions by U.S. Magistrate Judges." *Ainger v. Great Am. Assurance Co.*, No. 120CV00005WALEAH, 2022 WL 3139079, at *5 (D.V.I. Aug. 4, 2022) (citing *Harman v. Datte*,

Case: 1:19-cv-00026-MEM-EAH    Document #: 183    Filed: 11/29/22    Page 5 of 11

James Codrington, et al., v. CRC SCU f/k/a Crump Ins. et al., Case No. 1:19-cv-00026
Defendant CRC's Memorandum In Support of Its Motion to Stay
Page 5

427 F. App'x 240, 243 (3d Cir. 2011)) (where the magistrate judge stayed discovery pending adjudication of Defendant's motion to dismiss); *see Mosler*, 2022 WL 3370731, at *5.

"[W]when deciding whether to exercise discretion to grant a stay of discovery after a dispositive motion has been filed, courts weigh four considerations:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Id*. (citing *Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 182 (M.D. Pa. 2019) and *Vitalis v. Crowley Caribbean Servs., LLC*, No. 20-cv-00020, 2021 WL 4494192, at *1 (D.V.I. Sept. 30, 2021)); *Ainger*, 2022 WL 3139079, at *6.

Moreover, a court may grant a stay when good cause exists. Fed. R. Civ. P. 26(c). Several factors can guide the court's consideration of whether good cause exists. "In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010). In fact, "because the purpose of [Rule 12(b)] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery," a trial court "does not abuse its discretion in staying discovery pending resolution of the motions to dismiss." *Id*. at 239-40. Thus, if a motion has "'the potential to dispose of the entire case and eliminate the need for discovery, . . . the balance will generally lean in favor of staying discovery.'" *Creativ Pultrusions, Inc. v. Cooper B-Line, Inc.*, No. 3:18-cv-256, 2019 U.S. Dist. LEXIS 144932, at *8 (W.D. Pa. Aug. 26, 2019) (*quoting Pfizer Inc. v. Johnson & Johnson*, CIVIL ACTION No. 17-cv-4180, 2018 U.S. Dist. LEXIS 31690, 2018 WL 1071932, at *2 (E.D. Pa. Feb. 27, 2018)); a*ccord Lane v. Wolf*, No. 1:17-cv-00495, 2018 U.S. Dist. LEXIS 41122, at *16 (M.D. Pa. Mar. 13, 2018) ("A stay is proper when the likelihood that a motion to dismiss may result in a narrowing or outright

Case: 1:19-cv-00026-MEM-EAH   Document #: 183   Filed: 11/29/22   Page 6 of 11

*James Codrington, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:19-cv-00026
Defendant CRC's Memorandum In Support of Its Motion to Stay
Page 6

elimination of discovery outweighs any likely harm from the delay."); *Mutschler v. Downs*, No. 3:15-cv-2015, 2017 U.S. Dist. LEXIS 46349, at *1-2 (M.D. Pa. Mar. 29, 2017) (same); *Hollihan v. Pa. Dep't of Corr.*, No. 3:15-CV-005, 2015 U.S. Dist. LEXIS 94440, at *2-3 (M.D. Pa. July 21, 2015) (granting stay where motions, if granted, would dispose of claims and "a stay of discovery would not prejudice [the plaintiff] because he will have the opportunity to pursue any existing claims subsequent to the court's disposition of the pending motions.").

Consideration of these factors is particularly important when a court is considering a motion to stay discovery while a motion to dismiss for lack of personal jurisdiction is pending. This is because the concept of minimum contacts underpinning a court's exercise of personal jurisdiction performs

> two related, but distinguishable, functions. It protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system.

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980).

It is the first function that is implicated when a non-resident defendant that has challenged a court's personal jurisdiction is hauled into a foreign court and forced to participate in discovery in that forum. If the court does not have jurisdiction over the defendant, then it is unjust and inefficient to force the defendant to participate in discovery, and any discovery likewise presents an undue burden. Thus, courts generally consider questions of personal jurisdiction to be an "independent threshold consideration" that should be determined at the outset of a case. *Tracinda Corp. v. DaimlerChrysler AG,* 197 F. Supp. 2d 86, 99 (D. Del. 2002); *accord Streamline Bus. Servs., LLC v. Vidible, Inc.*, No. 14-1433, 2014 U.S. Dist. LEXIS 118657, at *1 (E.D. Pa. Aug. 26, 2014) ("personal jurisdiction is a threshold issue").

Case: 1:19-cv-00026-MEM-EAH   Document #: 183   Filed: 11/29/22   Page 7 of 11

*James Codrington, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:19-cv-00026
Defendant CRC's Memorandum In Support of Its Motion to Stay
Page 7

### B. Staying Discovery Will Not Unduly Prejudice Plaintiff

The stay will not unduly prejudice Plaintiff where he has continually agreed to extend discovery deadlines and represented to the Court that merit discovery should not proceed pending such adjudication.

This Court has recently found that, where there is a delay between the events at issue and plaintiff's filing of the initial complaint, as well as a delay between filing the complaint and plaintiff initiating discovery, such circumstances "will weigh heavily in favor of a stay." *Mosler*, 2022 WL 3370731, at *6 (where the court found that a three year gap between plaintiff's filing of the complaint and initiating discovery weighed heavily in favor of a stay).

Similar to *Mosler*, Plaintiff in this action waited for years to file this instant action. Even though Plaintiffs filed their complaint in the Superior Court of the Virgin Islands, Division of St. Croix on April 1, 2019, and the action was subsequently removed to this Court on May 31, 2019, Plaintiff has yet to engage in discovery on the merits with CRC as Plaintiff waits for a ruling on CRC's Motion to Dismiss. Rather, Plaintiff and CRC engaged solely in "discovery for the limited purpose of establishing whether or not this Court has personal jurisdiction over Defendant CRC" as ordered by this Court in its September 21, 2021, Order [DE 123]. In the Parties Joint Discovery Memorandum filed in *Alexander* on January 24, 2022, and signed by Plaintiffs' attorney, the parties acknowledged that, "[b]ecause there are critical, dispositive issues before the Court, the Parties do not believe any further discovery is needed until after the Court rules on [CRC's] motion." *Alexander* [DE 49; at p. 2]. Plaintiff further acknowledged in this document that engaging in discovery on the merits could cause CRC to waive its personal jurisdiction challenge. *Id*. The Memorandum also provided that "the Parties do not believe further discovery is appropriate at the moment." *Id*. at p. 3. Indeed, at the August 2022 Rule 16 Conference, the parties agreed that, with respect to a "timeline for discovery to trial, . . . they could take the cases to trial

Case: 1:19-cv-00026-MEM-EAH    Document #: 183    Filed: 11/29/22    Page 8 of 11

*James Codrington, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:19-cv-00026
Defendant CRC's Memorandum In Support of Its Motion to Stay
Page 8

one year from when the District Judge ruled on the motions to dismiss." [DE 179]. Accordingly, it is unequivocal that Plaintiff will not be unduly prejudiced by a stay of merit-based discovery.

### C. Denial of a Stay Will Create a Clear Case of Hardship and Inequity for CRC Which May Be Forced to Waive Its Jurisdictional Challenge

CRC will face extreme hardship and inequity should the Court not stay discovery as the courts have found that a party may waive its challenge to personal jurisdiction by engaging in discovery. *See Fid. & Cas. Co. v. Tex E. Transmission Corp. (In re Tex. E. Transmission Corp.)*, 15 F.3d 1230, 1236 (3d. Cir. 1994) ("a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum"). Indeed, Plaintiff's counsel acknowledged this significant issue and case law in the filings in *Alexander* via the Parties Joint Discovery Memorandum (*Alexander* [DE 49]), in the June 1, 2022, Stipulated Motion to Amend Scheduling Order (*Alexander* [DE 66]), and in the Parties Joint Motion for Rule 16 Scheduling Conference (*Alexander* [DE 69]) filed July 13, 2022. With respect to CRC's challenge to personal jurisdiction in this case, CRC requests that the arguments made in its Motion to Dismiss be incorporated by reference into this motion.

Failure to stay discovery will cause CRC further hardship and inequity as discovery will burden CRC with legal fees and costs incurred during the discovery process, fees and costs towards ultimately futile discovery once this Court grants CRC's Motion to Dismiss. Significantly, the parties agreed in the Parties Joint Motion for Rule 16 Scheduling Conference in *Alexander* (*Alexander* [DE 69]) that "engaging in fact discovery will be an undue burden on all parties should CRC be dismissed from this matter." Accordingly, Plaintiff not only agreed that discovery will be an undue burden on CRC, but to Plaintiff as well should this Court grant CRC's Motion to Dismiss. Therefore, this Court should grant the stay in order to prevent undue hardship and inequity against

Case: 1:19-cv-00026-MEM-EAH   Document #: 183   Filed: 11/29/22   Page 9 of 11

*James Codrington, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:19-cv-00026
Defendant CRC's Memorandum In Support of Its Motion to Stay
Page 9

CRC by protecting CRC's right to due process and prohibiting futile discovery which will waste the parties' and the Court's resources.

### D. A Stay Will Simplify the Issues and the Trial of this Case

The stay will simplify the issues and the trial in this matter because the Court's granting of the Motion to Dismiss may cause CRC to be dismissed from this lawsuit for the Court's lack of personal jurisdiction.

### E. Discovery is Not Complete and, the Court Has Not Entered Scheduling Orders in this Matter

The Court should grant the stay because Plaintiff and CRC have not engaged in discovery on the merits and the parties agreed that a trial date, when eventually set, should be scheduled one year from the date of this Court's ruling on the Motion to Dismiss. The parties already completed limited discovery on the jurisdictional issues. The fact that "minimal discovery has taken place . . . weigh[s] in favor of granting a stay." *Mosler*, 2022 WL 3370731, at *8 (citing *Ainger*, 2022 WL 3139079, at *10)) (where the court entered a scheduling order and "discovery in this three-year-old case had barely started when the motion to stay discovery [was] filed"). The parties have not engaged in discovery on the merits. Indeed, the parties agreed that discovery should wait until this Court rules on the Motion to Dismiss. *Alexander* [DE 49].

With respect to the trial date, the Court has not set this case for trial and the procedural posture of this case requires that scheduling such date be postponed pending a ruling in the Motion to Dismiss. Further, the parties and the Court have held, and intend to hold in the future, case management conferences in both *Alexander* and *Codrington* to address the need for significantly extending the deadlines and pushing out the trial date in *Alexander* and coordinating such deadlines with a scheduling order in this case. In this vein, the parties agreed at the August 2022 Rule 16 Conference that trial should be schedule one year from the Court's ruling on the Motion to Dismiss.

Case: 1:19-cv-00026-MEM-EAH   Document #: 183   Filed: 11/29/22   Page 10 of 11

*James Codrington, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:19-cv-00026
Defendant CRC's Memorandum In Support of Its Motion to Stay
Page 10

[DE 179]. Accordingly, staying discovery in this matter pending adjudication of the Motion to Dismiss will not interfere with the unscheduled trial date in this lawsuit.

Accordingly, for all the foregoing reasons, CRC requests that this Court stay discovery pending adjudication of CRC's Renewed Motion to Dismiss or, In the Alternative, Transfer Venue.

### III.   CONCLUSION

In view of the foregoing, Defendant, CRC, respectfully requests that the Court enter an Order staying discovery pending final adjudication of CRC's Renewed Motion to Dismiss or, In the Alternative, Transfer Venue.

### LRCi 7.1 Representation

Pursuant to LRCi 7.1(f), CRC hereby represents that it sought concurrence from the Parties before filing this motion. Plaintiff does not concur with this Motion while Steadfast does not object to the filing of this Motion.

Respectfully submitted,

**Beckstedt & Kuczynski LLP**
Attorneys for CRC Insurance Services, Inc.
2162 Church Street
Christiansted, VI 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831

DATED: November 29, 2022      By:  /s/ Robert J. Kuczynski
Robert J. Kuczynski, Esq.
Virgin Islands Bar No. 1260
Robb@BeckstedtLaw.com

Case: 1:19-cv-00026-MEM-EAH   Document #: 183   Filed: 11/29/22   Page 11 of 11
*James Codrington, et al., v. CRC SCU f/k/a Crump Ins. et al.,* Case No. 1:19-cv-00026
Defendant CRC's Memorandum In Support of Its Motion to Stay
Page 11

**GRAYROBINSON, P.A.**
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
(305) 416-6880
(305) 416-6887 (fax)

/s/ David S. Hendrix
David S. Hendrix, Esq. (admitted pro hac)
Florida Bar No. 827053
David.Hendrix@gray-robinson.com
Veronica A. Meza, Esq. (admitted pro hac)
Florida Bar No. 0086151
Veronica.meza@gray-robinson.com