**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **JAMES CODRINGTON,** ***as Assignee of the rights of Crosstech VI, Inc.,*** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:19-26** |
| **v.** | : | **(MANNION, J.)** **(HENDERSON, M.J.)** |
| **STEADFAST INSURANCE CO. and DEEP SOUTH SURPLUS OF TEXAS,** | : | |
| **Defendants** | : | |

**ORDER**

Pending before the court is the report of United States Magistrate Judge Emile A. Henderson, III,[1] which recommends that defendant Steadfast's motion for summary judgment (Doc. 112) be granted. (Doc.

---

[1] In the plaintiff's objection to Judge Henderson's report and in the defendant's response thereto, both parties' counsel refer to Judge Henderson as "Magistrate". The title "magistrate" no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). Counsel are reminded to use the correct title in the future, when referring to Judge Henderson.

215). The plaintiff has filed an objection to the report (Doc. 217) to which Steadfast has responded (Doc. 218).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

Neither party takes issue with the procedural background set forth in Judge Henderson's report or the statement of material facts relied upon by Judge Henderson in support of his recommendation. As the court writes for the parties who are intimately familiar with the background and facts of this matter which has been ongoing for many years, the court need not reiterate the entirety of those, and instead, incorporates the procedural and factual background set forth by Judge Henderson herein.

Suffice it to say that the plaintiff has a second amended complaint pending before the court which sets forth claims against Steadfast under 22 V.I.C. §2 for violating the duty of good faith and fair dealing; for negligent

and/or intentional misrepresentation; and for fraudulent conduct, in relation to the denial of an insurance claim the rights to which the plaintiff is the assignee. (Doc. 83). Steadfast has filed a motion for summary judgment arguing that the plaintiff's claims are barred by the applicable statutes of limitations. (Doc. 112).

In considering Steadfast's motion for summary judgment, Judge Henderson found that the 2-year state statute of limitations applies to the plaintiff's negligent and intentional misrepresentation claims, as well as to the fraudulent conduct claim. (Doc. 215, p. 14) (citations omitted). With respect to the plaintiff's breach of the implied duty of good faith and fair dealing, Judge Henderson provided that Virgin Islands courts are split on whether a 2-year or 6-year statute of limitations would apply. However, regardless of which would apply, Judge Henderson determined that the plaintiff's claim would be barred. (Doc. 215, p. 15) (citations omitted).

In finding the plaintiff's claims barred, Judge Henderson noted the plaintiff's accident with Correa[2] occurred in March 2007. On August 17,

---

[2] As indicated in the report, the plaintiff was involved in an automobile accident with Correa, who was a Crosstech VI employee. The plaintiff filed a lawsuit in the Virgin Islands Superior Court in 2007 after the accident. Crosstech VI, Correa and another entity, Crossland, tendered defense and indemnification of the plaintiff's claims to Steadfast, which denied the claims.

*(footnote continued on next page)*

2010, Crosstech VI's attorney requested Steadfast provide a defense in the plaintiff's lawsuit against Crosstech VI and Correa as a result of the accident. On September 7, 2010, Steadfast declined coverage. This is the date on which Judge Henderson found any claims Crosstech VI and Correa had under the policy accrued, and because the plaintiff stepped into their shoes as assignee, the date on which any claims by the plaintiff accrued as well. Given the accrual date, Judge Henderson found the statute of limitations on the plaintiff's misrepresentation and fraud claims ran in September 2012, and even applying the 6-year statute of limitations to the breach of the duty of good faith and fair dealing claim, the limitations period would have run in September 2016.

The plaintiff argued in his supplemental response to Steadfast's motion for summary judgment that the continuing violation doctrine applies to toll the statute of limitations from 2010, when the claim was denied, until June 21, 2018, when the consent judgment was entered. Considering this argument, Judge Henderson looked to Virgin Islands case law and determined that the denial of coverage by Steadfast in September 2010 was

---

As a result of the denial, in June 2018, the three entities entered into a consent judgment in favor of the plaintiff and assigned all claims they had against Steadfast to him.

a single act and a permanent response to the request for defense and indemnification. Steadfast was not called upon to deny the claim again or repeatedly after the initial denial. As a result, Judge Henderson found the continuing violation doctrine did not act to toll the statute of limitations and Steadfast's motion for summary judgment should be granted.

The plaintiff objects to Judge Henderson's report arguing only that the denial of insurance was not a single act and does not fall under the tolling provisions of the continuing violations doctrine. While Steadfast denied the claim in September 2010, the plaintiff argues that its duty to indemnify did not arise until June 2018 when the consent judgment was entered. Because Steadfast did not indemnify Crosstech VI or Correa when the consent judgment was entered, the plaintiff argues that Steadfast's unlawful acts continued. And, because the plaintiff filed this action in March 2019, approximately nine months after the consent judgment was filed, he argues he is well within applicable statutes of limitations.

As indicated, the plaintiff raised this argument in his supplemental brief in opposition to Steadfast's motion for summary judgment. Judge Henderson noted, correctly so, that the plaintiff's argument was not properly supported. Upon review, the court agrees with Judge Henderson that the denial issued by Steadfast was a permanent response to the request to

defend and to indemnify. Steadfast denied coverage finding that there was no coverage available at all under the policy as the automobile accident exclusion acted to bar any coverage whatsoever for the automobile accident for which coverage was sought. As such, the court finds, as did Judge Henderson, that the denial in September 2010 was a single act – a denial of all coverage, including a denial of the duty to defend and to indemnify, and plaintiff has failed to provide any support that those duties should be separated in this case.

Based upon the foregoing, **IT IS HEREBY ORDERED THAT:**

**(1)** The plaintiff's objection to the report and recommendation of Judge Henderson **(Doc. 217)** is **OVERRULED**.

**(2)** The report and recommendation of Judge Henderson **(Doc. 215)** is **ADOPTED IN ITS ENTIRETY AS THE DECISION OF THE COURT**.

**(3)** Defendant Steadfast's motion for summary judgment **(Doc. 112)** is **GRANTED**.

**(4)** The Clerk of Court is directed to **ENTER JUDGMENT IN FAVOR OF DEFENDANT STEADFAST AND AGAINST THE PLAINTIFF**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: September 29, 2023**
19-26-04